**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILIP SABATINO OGNIBENE, )<br>)<br>Plaintiff, )<br>)  2:12-cv-01307-RCJ-GWF<br>vs. )<br>)<br>PHILIP SABATINO LAGORI et al., )  **ORDER**<br>)<br>Defendants. )<br>)  | |

This case arises out of the alleged forgery of a quitclaim deed. Pending before the Court is a Motion to Dismiss or for Summary Judgment (ECF No. 28). For the reasons given herein, the Court denies the motion.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Philip Sabatino Ognibene has been the owner of real property at 95 E. Windmill Ln., Las Vegas, NV 89123 (the "Property") since December 11, 1992, except for a "brief period in 2003" when he transferred title to Defendant Philip Sabatino Lagori. (*See* Compl. ¶¶ 4–6, Jan. 20, 2012, ECF No. 1-6). When Plaintiff submitted an insurance claim based upon damage to the property sustained during a windstorm in the summer of 2011, the insurance company made out the reimbursement check to Lagori instead of Plaintiff because it believed that Lagori was the owner of the Property. (*Id.* ¶¶ 8–11). Plaintiff then allegedly discovered for the first time that on June 18, 2007, a quitclaim deed (the "Quitclaim Deed") to the Property had been recorded in

Clark County purportedly by Plaintiff in favor of Lagori. (*Id.* ¶¶ 12–13). The signature on the Quitclaim Deed is not Plaintiff's, but was allegedly forged, and Plaintiff claims not to know who appeared before the Illinois notary listed on the Quitclaim Deed, Carrie Nowak; Plaintiff was not in Illinois on the date of the jurat, May 15, 2007. (*See id.* ¶¶ 14–17). Plaintiff allegedly believes Lagori may have caused someone to forge the Quitclaim Deed, or did so himself, with the assistance of an old photo identification card of Plaintiff's to which Lagori had access. (*Id.* ¶¶ 18–19). Plaintiff allegedly believes Lagori may have capitalized on their similar appearance and similar names; Lagori is Plaintiff's son. (*See id.* ¶¶ 20–21). Plaintiff believes it is Lagori who then executed a deed of trust ("DOT") and assignment of rents ("AOR") in favor of Defendant Signature Bank. (*See id.* ¶ 22). The DOT and AOR were recorded on October 16, 2007, and the DOT was later recorded again on July 18, 2008 to correct the name of the trustee. (*See id.* ¶¶ 24–26).

Plaintiff sued Defendants in state court on January 20, 2012 on seven causes of action: (1) quiet title; (2) declaratory relief; (3) conversion (Lagori only); (4) unjust enrichment (Lagori only); (5) fraud (Lagori only); (6) constructive fraud (Lagori only); and (7) exploitation of an elder person. Signature Bank answered the Complaint and filed a Crossclaim ("CC") against Lagori and a Third-party Complaint ("TPC") against Nowak for indemnity, fraud, breach of contract (Lagori only), and unjust enrichment (Lagori only). (*See* Answer, CC, and TPC, Mar. 1, 2012, ECF No. 1-10). The clerk of the state court entered default in favor of Signature Bank and against Lagori as to the CC. (*See* Default, Apr. 18, 2012, ECF No. 1-13). The clerk of the state court then entered default in favor of Plaintiff and against Lagori as to the Complaint. (*See* Default, May 2, 2012, ECF No. 1-14). Plaintiff and Signature Bank applied to the state court for respective default judgments against Lagori as to the Complaint and the CC, but the state court did not decide those motions before removal.

After removal, Nowak asked this Court to dismiss the indemnity and fraud claims

Signature Bank had brought against her via the TPC, and Plaintiff asked the Court to grant him a default judgment against Lagori. The Court denied Nowak's motion but granted Plaintiff's and entered default judgment against Lagori.

Signature Bank then asked the Court to reconsider its grant of default judgment to Lagori and to set that judgment aside because it affects Signature Bank's security interest in the Property. The Court granted the motion because Signature Bank produced compelling evidence indicating that Plaintiff in fact obtained the subject loan with Defendant and shared the proceeds. Plaintiff produced no contrary evidence and provided no plausible explanation other than to call Signature Bank "paranoid."

Nowak has now moved to dismiss, or in the alternative, for summary judgment. The Court notes that the claims against Nowak have already been determined to have been sufficiently pled. The Court denies summary judgment according to the analysis, *infra*.

## II.   SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

///

## III. ANALYSIS

Nowak argues that she was an innocent third party who was tricked by Defendant into believing he was his father, Plaintiff. However, Signature Bank alleges that Nowak was in fact Lagori's employee and could not have been fooled by him into thinking he was his father. Finally, Signature Bank has also moved in its opposition to Nowak's motion to amend its Answer, Cross-claim, and Third-party Complaint.

As Nowak notes, and as the docket in the U.S. Bankruptcy Court for the Northern District of Illinois confirms, Lagori successfully moved to reopen his bankruptcy case and filed an amended schedule F with Plaintiff as a creditor in the amount of $750,000. But Defendant still did not list the Property as an asset, so the present claims are not precluded from litigation here by the bankruptcy code, because no property of the bankruptcy estate is at issue—Defendant has not listed the subject Property as an asset in the bankruptcy estate. And although Defendant's listing of Plaintiff as a $750,000 creditor is weird—this amount represents the debt by Lagori to Signature Bank secured by the Property, not any debt owed to Plaintiff—that issue is for the bankruptcy court.

The Court will not dismiss or summarily adjudicate the third-party claims against Nowak. As Signature Bank notes, there remains significant intrigue to be sorted out through discovery. The Court rejects Nowak's argument that the Property is a part of the bankruptcy estate. Defendant has not listed it as an asset, and the bankruptcy court has not otherwise identified it as a part of the estate. If one of these events occurs, the Court may reconsider. Lagori cannot argue here that the Property was his when he filed for bankruptcy while having hidden the Property from the bankruptcy court before obtaining a discharge, and even after later obtaining a reopening of his case. If Lagori asks the bankruptcy court in Illinois to vacate the previous discharge based upon his having hidden (or overlooked) the asset, the Court might reconsider. But as it stands the fact that the Property was not part of the bankruptcy estate cannot be

1  relitigated.  Nor can Nowak make these arguments while Signature Bank has legitimate reason to

2  believe she may be in cahoots with Lagori.  These issues will proceed through full discovery.

3  There are material issues of fact remaining.

## CONCLUSION

5  IT IS HEREBY ORDERED that the Motion to Dismiss or for Summary Judgment (ECF

6  No. 28) is DENIED.

7  IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 30) is DENIED.

8  IT IS FURTHER ORDERED that Signature Bank may file its Amended Answer, Cross-

9  claim, and Third-party Complaint. (*See* ECF No. 31-1).

10  IT IS SO ORDERED.

11  Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge