**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PHILIP SABATINO OGNIBENE, | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-01307-RCJ-GWF |
| vs. | ) | |
| | ) | |
| PHILIP SABATINO LAGORI et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the alleged forgery of a quitclaim deed. Pending before the Court is a Motion for Default Judgment (ECF No. 58). For the reasons given herein, the Court grants the motion in part.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Philip Sabatino Ognibene has been the owner of real property at 95 E. Windmill Ln., Las Vegas, NV 89123 (the "Property") since December 11, 1992, except for a "brief period in 2003" when he transferred title to Defendant Philip Sabatino Lagori. (*See* Compl. ¶¶ 4–6, Jan. 20, 2012, ECF No. 1-6). When Plaintiff submitted an insurance claim based upon damage to the property sustained during a windstorm in the summer of 2011, the insurance company made out the reimbursement check to Lagori instead of Plaintiff because it believed that Lagori was the owner of the Property. (*Id.* ¶¶ 8–11). Plaintiff then allegedly discovered for the first time that on June 18, 2007, a quitclaim deed (the "Quitclaim Deed") to the Property had been recorded in

Clark County purportedly by Plaintiff in favor of Lagori. (*Id.* ¶¶ 12–13). The signature on the Quitclaim Deed is not Plaintiff's, but was allegedly forged, and Plaintiff claims not to know who appeared before the Illinois notary listed on the Quitclaim Deed, Carrie Nowak; Plaintiff was not in Illinois on the date of the jurat, May 15, 2007. (*See id.* ¶¶ 14–17). Plaintiff allegedly believes Lagori may have caused someone to forge the Quitclaim Deed, or did so himself, with the assistance of an old photo identification card of Plaintiff's to which Lagori had access. (*Id.* ¶¶ 18–19). Plaintiff allegedly believes Lagori may have capitalized on their similar appearance and similar names; Lagori is Plaintiff's son. (*See id.* ¶¶ 20–21). Plaintiff believes it is Lagori who then executed a deed of trust ("DOT") and assignment of rents ("AOR") in favor of Defendant Signature Bank. (*See id.* ¶ 22). The DOT and AOR were recorded on October 16, 2007, and the DOT was later recorded again on July 18, 2008 to correct the name of the trustee. (*See id.* ¶¶ 24–26).

Plaintiff sued Lagori and Signature Bank in state court on January 20, 2012 on seven causes of action: (1) quiet title; (2) declaratory relief; (3) conversion (Lagori only); (4) unjust enrichment (Lagori only); (5) fraud (Lagori only); (6) constructive fraud (Lagori only); and (7) exploitation of an elder person. Signature Bank answered and filed a Crossclaim ("CC") against Lagori and a Third-party Complaint ("TPC") against Nowak for indemnity, fraud, breach of contract (Lagori only), and unjust enrichment (Lagori only). (*See* Answer, CC, and TPC, Mar. 1, 2012, ECF No. 1-10). The clerk of the state court entered default in favor of Signature Bank and against Lagori as to the CC. (*See* Default, Apr. 18, 2012, ECF No. 1-13). The clerk of the state court then entered default in favor of Plaintiff and against Lagori as to the Complaint. (*See* Default, May 2, 2012, ECF No. 1-14). Plaintiff and Signature Bank applied to the state court for default judgments against Lagori as to the Complaint and the CC, respectively, but the state court did not decide those motions before removal.

After removal, Nowak asked this Court to dismiss the third-party indemnity and fraud

claims Signature Bank had brought against her, and Plaintiff asked the Court to grant him a default judgment against Lagori. The Court denied Nowak's motion but granted Plaintiff's motion, entering default judgment against Lagori. Signature Bank then asked the Court to reconsider its grant of default judgment to Lagori and to set that judgment aside because it affected Signature Bank's security interest in the Property. The Court granted the motion because Signature Bank produced compelling evidence indicating that Plaintiff in fact obtained the subject loan with Defendant and shared the proceeds. Plaintiff produced no contrary evidence and provided no plausible explanation other than to call Signature Bank "paranoid." Nowak moved to dismiss, or in the alternative, for summary judgment. The Court denied the motion. Nowak then settled with Signature Bank and has since satisfied the judgment. Plaintiff and Signature Bank have stipulated to dismiss all claims against one another, and the Court has approved that stipulation.

## II.     LEGAL STANDARDS

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). A court may, "for good cause shown," set aside an entry of default. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). In order for a court to determine whether to "exercise its discretion to enter a default [judgment]," the court should consider seven factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's

  substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

### III. ANALYSIS

The only remaining claims appear to be Plaintiff's claim against Lagori and Signature Bank's cross-claim against Lagori. Plaintiff has again asked the Court for a default judgment against Lagori. Signature Bank has not joined the motion. Lagori has still not appeared. The Court grants the motion. Lagori has failed to appear for over eighteen months since the state court first entered default against him. There is no apparent excuse for the default, Plaintiff will be prejudiced by an inability to correct the title, and the Complaint is sufficient. Apart from the general policy favoring determination of the issues on the merits, certain circumstances give the Court pause, however. That is, there is a fairly large sum of money at stake, there is a possibility of a dispute concerning material facts, and the claim may not be meritorious. Indeed, the Court previously vacated its previous default judgment in favor of Plaintiff and against Lagori precisely because of evidence presented by Signature Bank indicating that Plaintiff and Lagori had in fact colluded to transfer the Property as part of a broader scheme to extinguish Signature Bank's lien through a fraudulent bankruptcy proceeding in another state. Plaintiff has adduced no evidence to alleviate those concerns. On the other hand, the party that stood to lose from any conspiracy between Plaintiff and Lagori, Signature Bank, has now dismissed its counterclaims against Plaintiff, and Plaintiff has dismissed his claims against Signature Bank, indicating that Signature Bank is satisfied that any outcome with respect to Plaintiff's quiet title claim against Lagori will not harm its interests. The Court will therefore enter default judgment in favor of Plaintiff and against Lagori in part, declaring the disputed Quitclaim Deed void but not entering a broad judgment that Plaintiff is the sole owner of the real property as against all other potential

claimants. Such a judgment might imply an invalidity of any liens by Signature Bank or others that the Court need not adjudicate.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 58) is GRANTED IN PART and DENIED IN PART. The Court DECLARES that the June 18, 2007 Quitclaim Deed from Philip Sabatino Ognibene to Philip Sabatino Lagori purporting to convey the Property located at 95 East Windmill Lane, Las Vegas, Nevada 89123 is void.

IT IS HEREBY ORDERED that Signature Bank shall, within fourteen (14) days of the entry of this Order into the electronic docket, file a status report with the Court indicating its intentions as to its cross-claim against Lagori or otherwise take action to dispose of that claim.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge